# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**CATHY J. FONTANA,**
**Claimant Below, Petitioner**

**FILED**
**February 27, 2024**
C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 23-ICA-452**      (JCN: 2017005320)

**MATO CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Cathy J. Fontana appeals the September 18, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Mato Corporation ("Mato") timely filed a response. [1] Ms. Fontana filed a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which granted Ms. Fontana no permanent partial disability ("PPD") in addition to her previously received 4% PPD award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 24, 2016, Ms. Fontana sustained an occupational injury to her right knee when she was struck by a door while working for Mato. By order dated September 2, 2016, the claim administrator held the claim compensable for a right knee sprain/strain. Subsequently, on November 8, 2017, the claim administrator added right knee complex traumatic tear, posterior horn medial meniscus as a compensable condition in the claim.

Ms. Fontana treated with two orthopedic surgeons: Robert Kropac, M.D., and Philip Branson, M.D. Both Dr. Kropac and Dr. Branson recommended conservative treatment such as injections and physical therapy, and neither noted any range of motion issues in Ms. Fontana's right knee. Indeed, both indicated that she had full range of motion in both knees, although she continued to have some pain.

The claim administrator referred Ms. Fontana to Joseph Grady, M.D., for an independent medical evaluation ("IME"). Dr. Grady performed the evaluation on May 30,

---

[1] Ms. Fontana is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. Mato is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq.

2017, and noted no crepitus or instability in either of Ms. Fontana's knees. He further noted no laxity with vagus or varus stress testing, no joint effusion, and no patellar tenderness to palpation. However, because Ms. Fontana was considering surgery, Dr. Grady could not find her to be at maximum medical improvement ("MMI") and recommended reevaluation after surgery, should she elect to do so.

Subsequently, Ms. Fontana began treating with orthopedic surgeon Brett Whitfield, M.D. Dr. Whitfield diagnosed Ms. Fontana with a complex tear of the posterior horn of the medial meniscus and noted degenerative changes. On September 13, 2017, Dr. Whitfield performed an arthroscopy to repair the tear. Ms. Fontana returned to Dr. Whitfield for a follow-up appointment on September 28, 2017, and Dr. Whitfield noted that Ms. Fontana had full range of motion in her right knee. In subsequent notes, Dr. Whitfield noted that Ms. Fontana's knee flexion was 110 degrees, and her extension was 0 degrees.

Dr. Grady reevaluated Ms. Fontana on October 15, 2019. Dr. Grady noted that Ms. Fontana's range of motion was the same in both knees and no instability was noted. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*"), Dr. Grady found that Ms. Fontana had 0% whole person impairment ("WPI") for range of motion in the right knee, measuring 130 degrees for flexion and 0 degrees for extension. However, because Ms. Fontana had undergone surgical repair, Dr. Grady assessed 4% WPI for the partial, medial, and lateral meniscectomy of the right knee, which was his final recommendation. By order dated October 23, 2019, the claim administrator granted Ms. Fontana a 4% PPD award in accordance with Dr. Grady's recommendation.

Ms. Fontana protested the order to the Office of Judges ("OOJ") and submitted an IME from Michael Kominsky, D.C. Dr. Kominsky assessed 0% WPI for range of motion; 4% for the partial, medial, and lateral meniscectomy of the right knee; and 5% due to anterior cruciate and medial collateral ligament laxity, for a total of 9% WPI. In response, Mato submitted correspondence from Dr. Grady in which he stated that he found no indication of laxity or instability in the right knee as noted by Dr. Kominsky. He further stated that no other evaluating or treating physicians had noted any laxity or instability in Ms. Fontana's right knee. By order dated November 16, 2020, the OOJ affirmed the claim administrator's order granting Ms. Fontana a 4% PPD award in accordance with Dr. Grady's recommendation. It does not appear that Ms. Fontana appealed this order.

In 2022, Ms. Fontana sought to reopen her claim for consideration of additional PPD and submitted an IME report from Bruce Guberman, M.D., dated April 4, 2022, in support. Using the *Guides*, Dr. Guberman assessed 8% WPI for range of motion abnormalities in the right knee, particularly flexion contracture (extension) measurements. Specifically, Dr. Guberman measured 102 degrees of flexion and 10 degrees of extension in Ms. Fontana's right knee. Because Ms. Fontana had already received a 4% PPD award,

Dr. Guberman recommended an additional 4% PPD due to worsening range of motion since the prior award.

On June 23, 2022, Dr. Grady performed another IME of Ms. Fontana. Dr. Grady opined that there were no ratable criteria for the right knee other than what he had previously recommended. He stated that Ms. Fontana had no crepitus, instability, or laxity of the right knee and that her range of motion was normal. As such, he opined that she sustained no more than the 4% WPI already assessed for the right knee surgery. By order dated July 8, 2022, the claim administrator awarded Ms. Fontana no additional PPD in accordance with Dr. Grady's recommendation. Ms. Fontana protested this order to the Board.

By order dated September 18, 2023, the Board affirmed the claim administrator's order granting Ms. Fontana no additional PPD. The Board found that Dr. Guberman's opinion that Ms. Fontana had 8% WPI due to limited flexion contracture was not supported by the medical evidence. The Board found that all of the physicians who evaluated Ms. Fontana, some on multiple occasions, found her to have normal range of motion in her right knee. Moreover, although Dr. Guberman found Ms. Fontana to have limited flexion contracture, Dr. Grady subsequently evaluated Ms. Fontana and found her to have normal range of motion in her right knee. Given the medical evidence before it, the Board determined that Dr. Guberman's report was an outlier and not in accord with the other evidence of record, and it affirmed the claim administrator's order awarding no additional PPD. Ms. Fontana now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Ms. Fontana argues that the Board erred in disregarding Dr. Guberman's report. According to Ms. Fontana, the Board failed to acknowledge Ms. Fontana's reports that she could no longer work, had difficulty walking and maneuvering stairs, and was receiving social security disability. Ms. Fontana claims that the Board ignored the evidence supporting Dr. Guberman's assessment and gave Dr. Grady's report more weight simply because he found normal range of motion on multiple occasions. Ms. Fontana further contends that the Board did not find any flaws in Dr. Guberman's evaluation procedure and that, as such, it should have resolved the matter in her favor pursuant to West Virginia Code § 23-4-1g (2003).[2]

Upon review, we find that Ms. Fontana failed to demonstrate that the Board's findings and conclusions were clearly wrong. The Supreme Court of Appeals of West Virginia has held that "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard in mind, we are unable to conclude that the Board erred in awarding Ms. Fontana no additional PPD in accordance with Dr. Grady's recommendation.

As noted by the Board, there is no medical evidence to corroborate Dr. Guberman's finding of flexion contracture in Ms. Fontana's right knee. Following the injury, Ms. Fontana was evaluated by Drs. Kropac and Branson, and neither mentioned any evidence of flexion contracture in Ms. Fontana's right knee. Indeed, both noted that she had normal range of motion. Dr. Whitfield, who performed the surgery on Ms. Fontana's right knee, also found that she had normal range of motion following the surgery and, at every subsequent follow-up appointment, noted that Ms. Fontana's extension measurement was 0 degrees. Further, Dr. Grady evaluated Ms. Fontana on two different occasions, with one occasion occurring after Dr. Guberman's evaluation, and each time he found Ms. Fontana to have normal range of motion in her right knee, with her extension measurement being 0 degrees. Aside from Dr. Guberman's sole report of 10 degrees of flexion contracture, there is no evidence to support a finding that Ms. Fontana sustained more than 4% WPI related to the compensable injury.

Although Ms. Fontana raises her own complaints of difficulty walking and no longer being able to work as support for her claim, she failed to mention that she injured her left

---

[2] Pursuant to West Virginia Code § 23-4-1g(a), in part, "[i]f, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted."

knee subsequent to the instant injury, sought workers' compensation benefits for that injury, and underwent surgery on her left knee. It was only after having undergone surgery for her left knee that Ms. Fontana ceased working. Accordingly, we find that Ms. Fontana's claims do not support a finding of additional impairment in her right knee. In reviewing the record, we simply cannot find that the Board was wrong in relying on Dr. Grady's report.

Lastly, contrary to Ms. Fontana's argument, she is not entitled to the matter being resolved in her favor pursuant to West Virginia Code § 23-4-1g, as the Board did not find that the reports of Dr. Grady and Dr. Guberman were of equal evidentiary weight. Given the Board's findings, we cannot find that it erred in granting Ms. Fontana no additional PPD in accordance with Dr. Grady's recommendation. Accordingly, we affirm the Board's September 18, 2023, order.

Affirmed.

**ISSUED:** February 27, 2024

**CONCURRED IN BY:**

Judge Charles O. Lorensen
Judge Daniel W. Greear

Chief Judge Thomas E. Scarr, not participating

5